UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF INDIANA, *ex rel.* RICHARD PARKEY, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:17-cv-00053-GFVT |
| v. | ) ) | **EX PARTE ORDER** |
| UNITED SEATING AND MOBILITY, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

*** *** *** ***

This matter is before the Court on the United States' *ex parte* Response to an order requiring the Government to show cause as to why the seal in this matter should not be lifted. [R. 40.]  On November 14, 2022, the United States informed the Court that it intends to intervene in this matter.  [R. 38.]  The Government asked the Court to leave the initial seal in place while it negotiates a settlement with the Defendant as to one of the claims in this matter.  *Id.*  Because the Fair Claims Act does not contemplate the initial seal remaining in place after the Government decides to intervene, the Court declined to extend the initial seal period and ordered the United States to show cause as to why the Court should not lift the seal.  [R. 39 at 4.]

Now, the United States agrees that the Court should lift the seal but asks that it remain in place as to twelve motions in the record.  [R. 40.]  In support, the Government states that it brought these motions to discuss "the content and extent of the United States' non-public investigation, including its impressions of and methods and thought processes for assessing

relator's allegations . . . ." *Id.* at 2.   Further, "these submissions were provided under §

3730(b)(3) to the Court alone for the sole purpose of evaluating whether the seal and time for

making an election to intervene should be extended."  *Id.* at 2–3.

The FCA explicitly contemplates federal courts lifting the initial seal as to the relator's

complaint.  *See* 31 U.S.C. § 3730(b)(2)–(3).  It permits the Government to file affidavits *in*

*camera* to support extensions of the seal period.  *Id.* § 3730(b)(3).  But it is silent as to whether

these filings remain confidential between the United States and the Court after the Government

elects to intervene.  And the Sixth Circuit has not addressed the issue.  *United States ex rel.*

*Powell v. Aerocare Holdings, Inc.*, No. 3:18-cv-00286-BJB-CHL, 2022 U.S. Dist. LEXIS 48449,

at *13–14 (W.D. Ky. Mar. 17, 2022).  However, courts that have issued an opinion on these

affidavits in support of extensions have held that the FCA "necessarily invests [federal courts]

with authority to preserve secrecy of such items or make them available to the parties" because

the FCA permits *in camera* review.  *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23

(S.D.N.Y. 1994).

Upon review of the documents at issue, the Court agrees with the United States.  The

FCA creates a procedurally odd environment in which the Government, if it wants an extension

of the seal period, must disclose the results of its investigation to the Court.  These disclosures

are made before the United States has chosen whether to prosecute the case.  At this juncture, the

Government has put a significant amount of attorney work product into the record.  Requiring

disclosure of that information to the defendant would be the equivalent of requiring a complaint

to be served along with a prosecuting attorney's entire casefile and notes pertaining to the suit.

*Cf. id.* ("Where disclosure of confidential investigative techniques, of information which could

jeopardize an ongoing investigation, or of matters which could injure non-parties is requested,

courts have recognized the interest of the public in denying or deferring disclosure."); *accord Brunson v. Lambert Firm PLC*, 757 Fed. App'x 563, 566 (9th Cir. 2018) (district court did not "abuse its discretion in determining that unsealing [memoranda in support of extensions of the seal] would jeopardize future investigations and that the government's interest in maintaining this information under seal outweighed the public's interest in accessing judicial records.").

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The United States' Motion to Maintain the Seal as to twelve filings [**R. 40**] is **GRANTED**;

2. The Clerk is **DIRECTED** to maintain the portions of the record that pertain to motions for extension of the initial seal [**R. 5–19; R. 21–38**] as ex parte communications between the United States and the Court that are under seal;

3. The seal is **LIFTED** as to relator Richard Parkey's complaint [**R. 1**];

4. The seal is **LIFTED** as to this Order and as to all filings in this matter after the date of entry of this order; and,

5. The United States is **ORDERED** to serve the complaint on the Defendant.

This the 29th day of November 2022.

Gregory F. Van Tatenhove
United States District Judge